UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENATA PETERSON,

        Plaintiff,                     Civil Case No. 15-13980
                                                    Honorable Linda V. Parker

v.

OUTBACK STEAKHOUSE, INC. and
BLOOMIN' BRANDS, INC.,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY [ECF NO. 22]**

      Plaintiff Renata Peterson commenced this action in Michigan state court alleging negligence against Defendants Outback Steakhouse, Inc. and Bloomin' Brands, Inc. (collectively, "Defendants") for personal injuries that occurred at their premises. Presently before the Court is Plaintiff's Motion to Compel Discovery. (ECF No. 22.)

      The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged and is relevant to any party's claim or defense if it is reasonably calculated to lead to the discovery admissible evidence. Fed. R. Civ. P. 26(b)(1). Rule 33 allows a party to

serve requests for production of documents on an opposing party.  Fed. R. Civ. P. 33.  A party receiving these types of discovery requests has 30 days to respond with answers or objections.  Fed. R. Civ. P. 33(b)(2).  If the receiving party fails to respond, Rule 37 provides the party who sent the discovery requests the means to file a motion to compel.  Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv).  If a court grants a Rule 37 motion to compel, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust.  Fed. R. Civ. P. 37(A)(5)(a).

    Plaintiff filed the instant motion December 9, 2016.  (ECF No. 22.)  In her motion, Plaintiff alleges that Defendants have failed to respond to Plaintiff's First Interrogatories and Requests for Production that were served on June 30, 2016.  (*Id.* at Pg ID 286.)  This Court held a telephonic status conference with the parties on November 9, 2016 stating that Defendants must respond to Plaintiff with answers to their previous discovery requests on or before December 2, 2016.  On November 11, counsel for the Defendants e-mailed Plaintiff's counsel and stated that they will file their responses by November 23.  (ECF No. 22-4.)  After missing that deadline, Plaintiff's counsel reached out on November 28, 2016, asking defense counsel for a status on the responses.  (ECF No. 22-5.)  As of the filing of

the motion to compel, Plaintiff has not received a response from Defendants. (ECF No. 22 at Pg ID 287.)

Defendants have failed to respond to Plaintiff's discovery requests by the initial deadline and subsequent deadline agreed upon during the telephonic status conference in November. Similarly, Defendants have failed to file a response to Plaintiff's motion to compel discovery. Defendants have now had over six months since Plaintiff submitted her discovery requests. (ECF No. 22 at Pg ID 286.) Despite having over 45 days since Plaintiff filed its Motion to Compel, Defendants have not filed any response. Defendants were required to respond to Plaintiff's interrogatories within 30 days of service. Fed. R. Civ. P. 33(b)(2). Defendants were also required to respond to Defendant's motion within 14 days. E.D. Mich. L.R. 7.1(e)(2).

By not filing any proper objections during the response period, Defendants have waived any objections to the discovery. Further, Defendants have not presented any reason why awarding reasonable expenses and attorney's fees would be unjust under Rule 37. Fed. R. Civ. P. 37(A)(5)(a) (requiring court to award reasonable expenses and attorney's fees "unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust.")

Therefore, the Court will grant Plaintiff's Motion to Compel Discovery and order Defendants to respond to Plaintiff's discovery requests.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery (ECF No. 22) is **GRANTED**. Defendants must submit to Plaintiff's counsel full and complete responses, without objection, to Plaintiff's First Interrogatories and Requests for Production within 14 days of this Order.

**IT IS FURTHER ORDERED** that Defendants and their attorneys shall pay Plaintiff's reasonable attorneys' fees and costs associated with its Motion to Compel Discovery. Counsel for Plaintiff shall submit a certification of time invested in the Motion, along with its billing rate, and any costs.

Any objections to Plaintiff's certifications shall be filed within ten (10) days.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 24, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 24, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager