UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENATA PETERSON,

                  Plaintiff,                          Civil Case No. 15-13980
                                                           Honorable Linda V. Parker

v.

OUTBACK STEAKHOUSE, INC. &
BLOOMIN' BRANDS, INC.,

                  Defendants.
_____/

## OPINION AND ORDER GRANTING, IN PART, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 32)

Plaintiff Renata Peterson commenced this action in Michigan state court alleging negligence against Defendants Outback Steakhouse, Inc. and Bloomin' Brands, Inc. (collectively "Defendants") for personal injuries that occurred at their premises. Presently before the Court is Defendants' Motion for Summary Judgment. (ECF No. 32.) For the reasons that follow, the Court grants, in part, Defendants' motion.

## I.    Factual and Procedural History

On May 30, 2014, Plaintiff and her family dined at Outback Steakhouse in Shelby Township, MI. They arrived sometime around dusk and dined for two to three hours. (ECF No. 32 at Pg ID 349; ECF No. 36 at Pg ID 603.) Plaintiff exited the restaurant approximately around 10:30 p.m. with her son and grandson, while

1

her husband used the facilities. (*Id.*) As she was returning to her vehicle, Plaintiff slipped and fell in the parking lot allegedly owned and operated by Defendants. (ECF No. 1-2 at Pg ID 11.) According to Plaintiff, grease had accumulated next to an underground grease trap system, which caused her to fall and suffer severe injuries. (*Id.* at Pg ID 11-12.) Plaintiff testified that she did not see the grease prior to her fall, and she did not see the grease when she entered the restaurant. However, Plaintiff testified that she walked a different path when she exited the restaurant. (ECF No. 32 at Pg ID 350; ECF No. 32-2 at Pg ID 385.)

Shortly thereafter, Plaintiff's husband exited the restaurant and witnessed Plaintiff on the ground. After helping her up and showing her to a nearby bench, Plaintiff's husband went inside the restaurant to inform the manager of the incident in the parking lot. (ECF No. 32 at Pg ID 352; ECF No. 32-7 at Pg ID 484-85.) Arturo Word, the manager on duty, testified that there was grease in the parking lot where Plaintiff had fallen, which was located near the underground grease trap system.

According to Larry LaFray, managing partner of Outback Steakhouse of Florida, LLC, the grease trap system works in conjunction with the plumbing system. (ECF No. 32 at Pg ID 356; ECF No. 32-4 at Pg ID 437.) Its purpose is to prevent food debris and grease from entering the sewer system. On a monthly basis, a third-party contractor, Dover Grease, services the trap system and removes

2

the accumulated grease.  Mr.  LaFray testified that the grease overflow was a result of two pump failures in the grease trap system.  (ECF No. 32 at 356-57.)

Mr. Word testified that included in the manager's daily opening checklist is an inspection of the parking lot.  (ECF No. 32 at Pg ID 357; ECF No. 32-11 at Pg ID 537.)  Additionally, throughout the day as shifts change, employees scan the parking lot for any unsafe conditions.  (*Id*.)  There was no testimony that anyone had seen grease in the parking lot prior to Plaintiff's fall, as well as to how long the grease had been in the parking lot prior to Plaintiff's fall.

Following this incident, Plaintiff filed suit against Defendants in the Circuit Court for the County of Macomb on October 8, 2015.  (ECF No. 1 at Pg ID 2.) Defendants filed a Notice of Removal to this Court on November 12, 2015.  On August 16, 2017, Defendants filed a motion for summary judgment, arguing (1) Defendants did not have actual or constructive notice of the alleged condition of the parking lot; (2) the alleged condition of the parking lot was open and obvious; (3) Defendant Outback Steakhouse, Inc. is not an entity, and therefore, is an improper party; and (4) Defendant Bloomin' Brands did not have possession and control of the parking lot.  (ECF No. 32.)  Plaintiff filed a response on October 9, 2017, and Defendants filed a reply on November 1, 2017.  (ECF Nos. 32 & 39.)

## II.    Standard of Review

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  After adequate time for discovery and upon motion, Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact."  *Id.* at 323.  Once the movant meets this burden, the "nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."  *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks and citation omitted).  To demonstrate a genuine issue, the nonmoving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient.  *See Liberty Lobby*, 477 U.S. at 252.

"A party asserting that a fact cannot be or is genuinely disputed" must designate specifically the materials in the record supporting the assertion, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1). The court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See Liberty Lobby*, 477 U.S. at 255.

## III. Applicable Law & Analysis

As an initial matter, the Court granted Plaintiff's motion to amend (ECF No. 35) to add the proper party, Outback Steakhouse of Florida, LLC. As such, Defendants' arguments, absent the claims of possession and control against Defendant Bloomin' Brands, are denied as moot.

As to Defendant Bloomin' Brands, Defendants contend "Defendant Bloomin' Brands is not a direct parent company of Outback Steakhouse of Florida, LLC, and Bloomin' Brands does not have any involvement with the day-to-day operation or management of the subject restaurant. Furthermore, Bloomin' Brands was not a lessee or tenant of the property at issue." (ECF No. 32 at Pg ID 368.) Consistent with this position, in response to Plaintiff's interrogatories, Defendants responded "Bloomin' Brands is a publicly held corporation, is a holding company and is an indirect parent company of Outback Steakhouse of Florida, LLC." (ECF

No. 32-5 at Pg ID 458.)  "[T]he general principle . . . in Michigan [is that] separate

entities will be respected."  *Wells v. Firestone Tire & Rubber Co*., 421 Mich. 641,

651 (1984); *see also Servo Kinetics, Inc. v. Tokyo Precision Instruments Co.*, 475

F.3d 783, 798 (6th Cir. 2007) ("Under Michigan law, there is a presumption that

the corporate form will be respected.")  Plaintiff does not address this point in her

response to Defendants' motion for summary judgment.  Instead, Plaintiff asserts:

> The grease trap came from Outback.  The grease inside the trap came
> from Outback.  The grease trap was used solely by Outback.  Defendant
> was responsible for having the grease emptied and serviced.  The
> parking lot as a whole was monitored by Outback's employees.  It is
> clear that Defendant was in possession and control of this grease trap.

(ECF No. 36 at Pg ID 618.)  Therefore, Plaintiff concedes that Defendant

Bloomin' Brands did not have possession or control of the parking lot where

Plaintiff allegedly fell.

Furthermore, upon review of Plaintiff's Complaint, Plaintiff does not make

any claims specifically against Defendant Bloomin' Brands.  Although Plaintiff's

Complaint states that "Defendants" were owners, landlords, managers, or

otherwise in control of the premises, nothing in the record supports a conclusion

that Bloomin' Brands was any of the actors listed in Plaintiff's Complaint that

would subject it to liability.  (ECF No. 1 at Pg ID 11.)  Moreover, as stated above,

Plaintiff concedes that Defendant Bloomin' Brands was not in possession and

control of the grease trap or responsible for the parking lot. Therefore, Defendant

Bloomin' Brands, Inc. is dismissed from the case.

## IV.    Conclusion

For the reasons above, the Court grants, in part, Defendants' motion.

Accordingly,

**IT IS ORDERED** that Defendants' motion (ECF No. 32) is **GRANTED, IN PART**;

**IT IS FURTHER ORDERED** that the motion is granted to the extent that Defendant BLOOMIN' BRANDS, INC. is **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Defendant OUTBACK STEAKHOUSE, INC.'s claims are **DENIED as moot**.

**SO ORDERED.**

Dated:  January 11, 2018              s/Linda V. Parker
                                      U.S. District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 11, 2018, by electronic and/or ordinary mail.

                                      s/Julie Owens acting in the Absence of Richard Loury
                                      Case Manager, (313) 234-5135