UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENATA PETERSON,

        Plaintiff,         Civil Case No. 15-13980
                                                Honorable Linda V. Parker

v.

OUTBACK STEAKHOUSE, INC. and
BLOOMIN' BRANDS, INC.,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT [ECF NO. 35]

Plaintiff Renata Peterson commenced this action in Michigan state court alleging negligence against Defendants Outback Steakhouse, Inc. and Bloomin' Brands, Inc. (collectively "Defendants") for personal injuries that occurred at their premises. Presently before the Court is Plaintiff's motion to amend complaint, filed pursuant to Federal Rule of Civil Procedure 15 on October 17, 2017. (ECF No. 38.) For the reasons that follow, the Court grants Plaintiff's motion.

I.     **Background**

On or about May 30, 2014, Plaintiff slipped and fell in a parking lot allegedly owned and operated by Defendants. (ECF No. 1-2 at Pg ID 11.) According to Plaintiff, grease had accumulated next to an underground grease trap system, which caused Plaintiff to fall and suffer severe injuries. (*Id.* at Pg ID 11-

1

12.) Plaintiff filed suit against Defendants in the Circuit Court for the County of Macomb on October 8, 2015. (ECF No. 1 at Pg ID 2.) Defendants filed a Notice of Removal to this Court on November 12, 2015.

On October 3, 2017, Plaintiff filed a motion to amend the complaint to name the proper party. (ECF No. 35.) Defendant filed a response on October 17, 2017, arguing undue delay and prejudice, among other things.

## II. Applicable Law

Federal Rule of Civil Procedure 15(a) instructs the courts to "freely grant[]" leave to amend "where justice so requires." This is because, as the Supreme Court has advised, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*. An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

> Under Federal Rule of Civil Procedure 15(c):
>
> An amendment to a pleading relates back to the date of the original pleading when:

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Furthermore, the United States Supreme Court has stated: "[w]e have previously explained that a court may consider a movant's 'undue delay' or 'dilatory motive' in deciding whether to grant leave to amend under Rule 15(a). As the contrast between Rule 15(a) and Rule 15(c) makes clear, however, the speed with which a plaintiff moves to amend her complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010) (internal citation omitted). In short, "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Id*. at 541.

## III. Analysis

Plaintiff seeks to amend her complaint because Outback Steakhouse of Florida, LLC is the proper party. (ECF No. 35 at Pg ID 566.) According to Plaintiff, Outback Steakhouse of Florida, LLC will not be prejudiced because it was on notice of Plaintiff's claims through its insurance agent, as well as the mistake in Plaintiff's complaint regarding the proper party's name. (*Id.*) Contrarily, Defendants argue Plaintiff was fully aware as early as February 2017 that Outback Steakhouse, Inc. was an improper party. (ECF No. 38 at Pg ID 944.) Further, Defendants argue that Plaintiff's amendment would be prejudicial because discovery has closed, the deadline for dispositive motions has passed, and trial will be delayed. (*Id.* at Pg ID 945.)

The Court finds Defendants' arguments unpersuasive. It is in the interest of justice that Plaintiff be allowed to amend her complaint to accurately reflect the proper party. There is no evidence that Plaintiff's amendment was brought in bad faith or for a dilatory purpose. Outback Steakhouse of Florida, LLC will not be prejudiced because it was aware of Plaintiff's claims as early as November 5, 2015. Further, the amendment is not futile because it accurately names the proper party to this action, which Defendants state owned and operated the subject premises. Although there is a degree of delay in the timeliness of Plaintiff's request, any prejudice to Defendants is minimal. There is no need to reopen

4

discovery because additional facts have not been alleged. Furthermore, the parties have already taken the depositions of the necessary representatives for Outback Steakhouse of Florida, LLC, including Larry LaFray[1], Managing Partner, and Arturo Wood, Manager of the Shelby Township location, where Plaintiff allegedly fell. Also, granting Plaintiff's motion will not delay trial because there is currently no trial or final pretrial date scheduled. Finally, contrary to Defendants' position, on November 21, 2017, this Court informed the parties that a new Scheduling Order would be issued following the resolution of the pending motions.

Although Defendants argue the issue of relating back is premature, the Court disagrees. The record sufficiently satisfies any inquiry of relating back. "When considering the relation back doctrine, 'Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m)[2] period, not what the *plaintiff* knew or should have known at the time of filing her original complaint.'" *Lester v. Wow Car Co.*, 675 F. App'x 588, 592 (6th Cir. Jan. 13, 2017) (quoting *Krupski*, 560 U.S. at 548 (emphasis in original)). Although Defendants highlight the fact that Plaintiff was aware she was suing the wrong party, Plaintiff's knowledge is not controlling. Defendant Outback Steakhouse of Florida was aware of Plaintiff's lawsuit as early as November 5, 2015, the date it

---

[1] Defendants indicated in their response to Plaintiff's Interrogatories that "[t]he responses to these interrogatories are provided on behalf of Outback Steakhouse of Florida, LLC, by Larry Lafray." (ECF No. 32-5 at Pg ID 458.)
[2] The Court notes that Defendant Outback Steakhouse, Inc. was served pursuant to Michigan law prior to the case being removed to federal court.

was served. (ECF No. 1-3.) Exhibit B of the Notice of Removal, Service of Process, identifies "Outback Steakhouse of Florida, LLC" as the client entity that was served on November 5, 2015 along with Defendant Bloomin' Brands, Inc. (*Id.* at Pg ID 15.) Moreover, in their Notice of Removal, filed November 12, 2015, Defendants stated that Outback Steakhouse Inc. merged into Outback Steakhouse of Florida, LLC. (*Id.* at Pg ID 3.) Both of these documents reflect what Outback Steakhouse of Florida, LLC knew or should have known as of November 5, 2015 or November 12, 2015.

The records supports a finding that Outback Steakhouse of Florida, LLC is the proper party in this case and will not be prejudiced by Plaintiff's amendment. Plaintiff's claims against Outback Steakhouse of Florida, LLC are the same as those in the original complaint—the only change being the proper name of the defendant. *See Smith v. City of Akron*, 476 F. App'x 67, 69 (6th Cir. Apr. 6, 2012). Notably and without admitting liability, Defendants stated that "Outback Steakhouse of Florida, LLC is the entity that owned and operated the restaurant where plaintiff claims she fell." (*Id.* at Pg ID 944.) Likewise, Defendants' responses to Plaintiff's interrogatories were answered on Outback Steakhouse of Florida, LLC's behalf. Therefore, Plaintiff's request to amend the complaint[3] to

---

[3] The caption of Plaintiff's proposed First Amended Complaint currently reads "OUTBACK STEAKHOUSE, INC." It should read "OUTBACK STEAKHOUSE OF FLORIDA, LLC."

reflect the proper defendant is granted, and this amendment relates back to the original complaint. *See Krupski*, 560 U.S. at 553.

## IV. Conclusion

For the reasons above, the Court grants Plaintiff's motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to amend the complaint (ECF No. 35) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff shall file the first amended complaint, with the correction noted by the Court, no later than 10 days from the entry of this Order.

**SO ORDERED.**


Dated: January 11, 2018       s/Linda V. Parker
                              U.S. District Court Judge


I hereby certify that a copy of the foregoing document was served upon counsel of record on January 11, 2018, by electronic and/or ordinary mail.

                              s/Julie Owens acting in the Absence of Richard Loury
                              Case Manager, (313) 234-5135